## PHELPS & JONES v. PATTERSON.

The right of an attorney to sue for services does not accrue until the termination of the suit in which he was employed, unless the relation of client and attorney is sooner ended—and so the statute of limitation does not commence running against him until then.

*Appeal from Jackson Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

STILLWELL & WASSELL, for appellants.

WATKINS & ROSE, contra.

COMPTON, J.

This was an action of assumpsit for professional services, commenced by Patterson against Phelps & Jones, on the 23d of February, 1867.

The defendants pleaded non-assumpsit and the statute of limitations; to which pleas issues were regularly made up and submitted to a jury, who found for the plaintiff; and thereupon the defendants moved for a new trial, which was denied, and they appealed.

The evidence discloses the following facts: The suit in which the professional services were rendered was brought by Patterson, as attorney for Phelps & Jones, in May, 1861. In the month of July or August, next following, the suit was compromised and settled by the parties, without any participation by Patterson in the settlement. Soon thereafter an agent of Phelps & Jones—they being non-residents—applied to Patterson and instructed him to dismiss the suit, which he did not do until October, 1865. Why the suit was not dismissed at an earlier day is not shown, nor does it appear that any provision was made for payment of the attorney's fee, or the cost.

It is insisted for the appellants that Patterson's claim—which was an open account—was barred by the limitation act of three years; because, as is contended, the statute commenced running at the time of the compromise and settlement, in 1861. The court thinks differently. The right of an attorney to sue for services does not accrue until the termination of the suit in which he was employed, unless the relation of client and attorney is sooner ended; *Nichols v. Wilson, 11 M. & W. Excheq. Rep., 106; Fenno v. English, 22 Ark., 170;* and in this case, we are clearly of opinion that the suit did not terminate until it was dismissed. The statute, therefore, did not commence running until October, 1865; and consequently the claim was not barred. As before remarked, the evidence does not show why Patterson did not dismiss the suit at an earlier period; but, if he was eveng uilty of negligence in this respect, it is not easy to perceive how it could affect the question here presented.

It follows that the court did not err in refusing to give the instructions moved by the appellants; nor is there any error in those given by the court, of which the appellants can complain.

Judgment affirmed.